

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

NOV 1 3 2007

DAVID J. MALAND, CLERK
BY
DEPUTY

| | | |
|---|---|---|
| MOTOROLA, INC., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. **507CV**  **171** |
| | § | |
| v. | § | |
| | § | **JURY** |
| VTECH COMMUNICATIONS, INC., | § | |
| VTECH TELECOMMUNICATIONS | § | |
| LTD. | § | |
| Defendants. | § | |
| | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Motorola, Inc., ("Plaintiff") for its complaint against defendants VTech Communications, Inc., and VTech Telecommunications Ltd. (collectively "Defendants"), avers as follows:

## JURISDICTION AND VENUE

1.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.* This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b), (c), (d), and 1400(b).  Upon information and belief, this Court has personal jurisdiction over Defendants because Defendants regularly conduct business in this district and have committed acts of patent infringement in this district.  Defendant, VTech Telecommunications Ltd., although required to designate or maintain a resident agent for service of process, has not so designated or maintained a resident agent.  The Secretary of State of the

State of Texas is an agent for service of process on defendant VTech Telecommunications Ltd. who has engaged in business in the State of Texas. Since said non-resident defendant does not maintain a regular place of business in Texas, has not designated an agent for service of process, and this lawsuit arises out of these non-resident defendants' transaction of business in Texas, service of Summons upon defendant VTech Telecommunications Ltd. may be made through the Secretary of State.

## THE PARTIES

2.      Plaintiff Motorola, Inc., is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60196.

3.      Upon information and belief, Defendant VTech Communications, Inc., is a corporation organized and existing under the laws of the State of Oregon and having a principal place of business at 9590 SW Gemini Drive, Suite 120, Beaverton, OR 97008. Upon information and belief, Defendant VTech Communications, Inc., directly or indirectly through its subsidiaries and affiliated companies, distributes, markets, sells and/or offers to sell throughout the United States (including in this Judicial District), and/or imports into the United States consumer products, including cordless telephones and associated equipment.

4.      Upon information and belief, Defendant VTech Telecommunications Ltd. is a foreign corporation organized and existing under the laws of Hong Kong and having a principle place of business at 23/F, Tai Ping Industrial Centre, Block 1, 57 Ting Kok Road, Tai Po, N.T., Hong Kong. Upon information and belief, Defendant VTech Telecommunications Ltd., directly or indirectly through its subsidiaries and affiliated companies, distributes, markets, sells and/or offers to sell throughout the United States (including in this Judicial District), and/or imports into the United States consumer products, including cordless telephones and associated equipment.

## BACKGROUND

### Asserted Patents

5.      United States Patent No. 4,866,766, titled "TELEPHONE DEVICE HAVING CUSTOMIZED RING CAPABILITY" ("the '766 patent"), was duly and legally issued on September 12, 1989, to Inventor James E. Mitzlaff.  Plaintiff is the owner by assignment of all right, title and interest in and to the '766 patent, including the right to sue and recover for past infringement thereof.  A true and correct copy of the '766 patent is attached hereto as Exhibit A.

6.      United States Patent No. 5,157,391, titled "APPARATUS AND METHOD FOR DISPLAYING A PLURALITY OF FUNCTION INDICATORS IN A SELECTIVE CALL RECEIVER" ("the '391 patent"), was duly and legally issued on October 20, 1992, to Inventor Randi F. Weitzen.  Plaintiff is the owner by assignment of all right, title and interest in and to the '391 patent, including the right to sue and recover for past infringement thereof.  A true and correct copy of the '391 patent is attached hereto as Exhibit B.

7.      United States Patent No. 5,394,140, titled "METHOD AND APPARATUS FOR PRE-PROGRAMMED CALL-BACK-NUMBER-DETERMINED ALERT" (the '140 patent"), was duly and legally issued on February 28, 1995, to Inventors Poh-T'in Wong, Allen J. Weidler and William J. Burke.  Plaintiff is the owner by assignment of all right, title and interest in and to the '140 patent, including the right to sue and recover for past infringement thereof.  A true and correct copy of the '140 patent is attached hereto as Exhibit C.

8.      United States Patent No. 5,848,356, titled "METHOD FOR IMPLEMENTING ICONS IN A RADIO COMMUNICATION DEVICE" ("the '356 patent"), was duly and legally issued on December 8, 1998, to Inventors Shrirang N. Jambhekar, Gregor E. Bleimann and Num Pisutha-Arnond.  Plaintiff is the owner by assignment of all right, title and interest in and to the

'356 patent, including the right to sue and recover for past infringement thereof.  A true and correct copy of the '356 patent is attached hereto as Exhibit D.

9.      United States Patent No. 7,070,349 B2, titled "THIN KEYBOARD AND COMPONENTS FOR ELECTRONICS DEVICES AND METHODS" ("the '349 patent"), was duly and legally issued on July 4, 2006, to Inventors Richard J. Dombrowski, Ryszard J. Gordecki, Daniel P. Rodgers, Patrick J. Cauwels, and Steve C. Emmert.  Plaintiff is the owner by assignment of all right, title and interest in and to the '349 patent, including the right to sue and recover for past infringement thereof.  A true and correct copy of the '349 patent is attached hereto as Exhibit E.

10.     Upon information and belief, Defendants have had knowledge of the '766 patent, the '391 patent, the '140 patent, and the '356 patent since at least August 27, 2003.

## COUNT ONE
### (Infringement of U.S. Patent No. 4,866,766)

11.     Upon information and belief, Defendants have been and still are infringing, contributorily infringing or inducing infringement of at least claim 1 of the '766 patent, in this district and elsewhere, by their activities, including making, using, offering to sell, importing, or selling certain cordless telephones and related equipment, including at least the VTech 2434 telephone.

12.     Defendants, with actual knowledge of the '766 patent, with knowledge of their infringement, and without lawful justification, have willfully infringed the patents-in-suit, entitling Plaintiff to damages and treble damages pursuant to 35 U.S.C. § 284.

## COUNT TWO
### (Infringement of U.S. Patent No. 5,157,391)

13.     Upon information and belief, Defendants have been and still are infringing, contributorily infringing or inducing infringement of at least claims 1 and 5 of the '391 patent, in this district

and elsewhere, by their activities, including making, using, offering to sell, importing, or selling certain cordless telephones and related equipment, including at least the VTech 5831 telephone.

14.   Defendants' infringing activities have caused and will continue to cause Plaintiff irreparable harm for which it has no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

15.   Defendants, with actual knowledge of the '391 patent, with knowledge of their infringement, and without lawful justification, have willfully infringed the patents-in-suit, entitling Plaintiff to damages and treble damages pursuant to 35 U.S.C. § 284.

## COUNT THREE
### (Infringement of U.S. Patent No. 5,394,140)

16.   Upon information and belief, Defendants have been and still are infringing, contributorily infringing, or inducing infringement of at least claims 1 and 15 of the '140 patent, in this district and elsewhere, by their activities, including making, using, offering to sell, importing, or selling certain cordless telephones and associated equipment, including at least the VTech i5808 and 2434 telephones.

17.   Defendants' infringing activities have caused and will continue to cause Plaintiff irreparable harm for which it has no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

18.   Defendants, with actual knowledge of the '140 patent, with knowledge of their infringement, and without lawful justification, have willfully infringed the patents-in-suit, entitling Plaintiff to damages and treble damages pursuant to 35 U.S.C. § 284.

## COUNT FOUR
### (Infringement of U.S. Patent No. 5,848,356)

19.   Upon information and belief, Defendants have been and still are infringing, contributorily infringing, or inducing infringement of at least claim 1 of the '356 patent, in this district and

elsewhere, by their activities, including making, using, offering to sell, importing, or selling certain cordless telephones and associated equipment, including at least the VTech i5801 and i5808 telephones.

20.     Defendants' infringing activities have caused and will continue to cause Plaintiff irreparable harm for which it has no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

21.     Defendants, with actual knowledge of the '356 patent, with knowledge of their infringement, and without lawful justification, have willfully infringed the patents-in-suit, entitling Plaintiff to damages and treble damages pursuant to 35 U.S.C. § 284.

## COUNT FIVE
### (Infringement of U.S. Patent No. 7,070,349 B2)

22.     Upon information and belief, Defendants have been and still are infringing, contributorily infringing, or inducing infringement of at least claim 6 of the '349 patent, in this district and elsewhere, by their activities, including making, using, offering to sell, importing, or selling certain cordless telephones and associated equipment, including at least the VTech 6042 telephone.

23.     Defendants' infringing activities have caused and will continue to cause Plaintiff irreparable harm for which they have no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment:

        a.      Adjudging that Defendants have infringed at least the asserted claims of the '766 patent, the '391 patent, the '140 patent, the '356 patent, and the '349 patent;

b.     Permanently enjoining Defendants and its directors, officers, employees, attorneys, agents, and all persons in active concert or participation with any of the foregoing from further acts of infringement, contributory infringement or inducement of infringement of the asserted patents unless and until licensed under the asserted patents by Plaintiff;

c.     Awarding to Plaintiff damages sufficient to compensate Plaintiff for the infringement by Defendants, together with both pre-judgment and post-judgment interest;

d.     Trebling the damages awarded for infringement counts one through four as provided by 35 U.S.C. § 284;

e.     Finding this action constitutes an exceptional case under 35 U.S.C. § 285;

f.     Awarding to Plaintiff its costs and attorney fees; and

g.     Awarding to Plaintiff such other and further relief as this Court deems proper and just.

Damon Young (State Bar No. 22176700)
dyoung@youngpickettlaw.com
John Pickett (State Bar No. 15980320)
jpickett@youngpickettlaw.com
Lance Lee (State Bar No. 24004762)
llee@youngpickettlaw.com
YOUNG, PICKETT & LEE
4122 Texas Boulevard
P. O. Box 1897*
Texarkana, Texas 75503  (*75504)
Telephone:  (903) 794-1303
Fax: (903) 792-5098

By: _____

Attorneys for Plaintiff
Motorola, Inc.

OF COUNSEL:

Jesse J. Jenner
Steven Pepe
Ropes & Gray LLP
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
*jesse.jenner@ropesgray.com*
*steven.pepe@ropesgray.com*

Nicole M. Jantzi
Kevin J. Post
Ropes & Gray LLP
700 12th Street, NW, Suite 900
Washington, DC 20005
Telephone: (202) 508-4600
*nicole.jantzi@ropesgray.com*
*kevin.post@ropesgray.com*

Dated: November 13, 2007

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b), Fed. R. Civ. P., and the Seventh Amendment to the Constitution of the United States, Plaintiff demands a trial by jury of all claims and all issues triable as of right by jury in this action.