IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **MOTOROLA, INC.** | § | |
| **Plaintiff** | § | |
| | § | |
| V. | § | No. 5:07CV171 |
| | § | |
| **VTECH COMMUNICATIONS, INC.** | § | |
| **VTECH TELECOMMUNICATIONS, INC.** | § | |
| | § | |
| **Defendants** | § | |

## ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges, Defendants' Motion to Stay the Present Action Pending the *En Banc* Decision of the Fifth Circuit in *In re Volkswagen* (Docket Entry # 41) was referred to the undersigned for the purposes of hearing and determining said motion. The Court, having reviewed the relevant briefing and hearing arguments of counsel May 20, 2008, issues the following order.

## INTRODUCTION

On November 13, 2007, Plaintiff Motorola, Inc. ("Motorola") filed this patent infringement case against VTech Communications, Inc. and VTech Telecommunications, Inc. ("Defendants"), alleging the infringement of five United States patents. With leave of Court, Defendants filed their Answer and Counterclaims on January 7, 2008. On April 22, 2008, Plaintiff filed an Amended Complaint adding a sixth patent to this lawsuit.

## BACKGROUND

Defendants have filed a motion to transfer pursuant to 28 U.S.C. § 1404(a), seeking a transfer of this case to the United States District Court for the District of Oregon. Subsequently, on April

30, 2008, Defendants filed their motion to stay, wherein Defendants move the Court to stay the present action pending the *en banc* decision of the Fifth Circuit Court of Appeals in *In Re Volkswagen AG and Volkswagen of America, Inc.*, regarding the transfer of venue requirements of 28 U.S.C. §1404(a) and the burden of proof related thereto.

On February 14, 2008, the Fifth Circuit Court of Appeals in *In Re Volkswagen AG and Volkswagen of America, Inc.*, Appeal No. 07-40058, granted a petition for rehearing e*n banc* ("*Volkswagen en banc*"), of its prior decision, published at 506 F.3d 376 (5th Cir. 2007) ("*Volkswagen II*"), issuing a Writ of Mandamus to transfer that case pursuant to 28 U.S.C. § 1404(a) from the Eastern District of Texas to the Dallas Division of the Northern District of Texas. Under Fifth Circuit Rule 41.3, *Volkswagen II* has been vacated pending the *en banc* decision. The Fifth Circuit Court of Appeals has scheduled oral argument on the rehearing *en banc* for the week of May 19, 2008.

Defendants assert the Fifth Circuit in the *Volkswagen en banc* case will directly address the factors to be considered by district courts in determining motions to transfer venue under 28 U.S.C. § 1404(a). Specifically, the Fifth Circuit will discuss the importance and weight to be accorded the following private and public interest factors, raised previously in *Volkswagen II.* Defendants contend the Court should exercise its discretion to stay the present case pending the resolution of controlling issues of law in the *Volkswagen en banc* case. Defendants further contend the status of the present case strongly supports the stay and that failure to stay the present case, pending the decision in the *Volkswagen en banc* case, would contradict the policy consideration underlying 28 U.S.C. § 1404(a).

## DISCUSSION

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.Com*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. In deciding whether to stay litigation, courts typically consider: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Soverain*, 356 F. Supp. 2d at 662.

In its opposition to Defendants' motion to stay, Plaintiff urges a stay is not required, as district courts in the Fifth Circuit have issued 28 opinions, eight of which were in patent cases, relating to transfer since *Volkswagen II*. Although Defendants cite to three product liability cases wherein the district court proceedings were stayed pending the *en banc Volkswagen* decision, other courts have declined to stay the proceedings or even the ruling on the defendant's §1404(a) motion. *See Aloft Media, LLC v. Adobe Sys. Inc.*, No. 6:07-cv-355, 2008 WL 819956, at *3 (E.D. Tex. Mar. 25, 2008) (finding that where the moving party did "not rely solely upon the standard expressed in *Volkswagen II*[,]"'the Court will consider in the alternative Adobe's Motion under the Section 1404(a) legal standard that existed prior to the Fifth Circuit's decision in Volkswagen II"); *Owens v. Midsouth Barge Servs., Inc.*, No. G-07-0189, 2008 WL 582515, at *3 n.1 (E.D. Tex. Feb. 29, 2008) ("[T]he court does not anticipate a change to the venue analysis under the facts of this case.").

Moreover, courts in this district have found twice in patent cases the *Volkswagen* cases are not as controlling as Plaintiff suggests. *See Aloft Media*, 2008 WL 819956, at *2 ("[T]he Court finds that the circumstances of this patent case are sufficiently distinguishable from the event-specific circumstances of the *Volkswagen II* [*en banc*] products liability case, such that the circumstances of *Volkswagen II* do not control."); *LG Elecs., Inc. v. Hitachi, Ltd.*, No. 9:07-CV-138, 2007 WL 4411035, at *4 (E.D. Tex. Dec. 3, 2007) ("Patent litigation is different from personal injury or products-liability cases. In personal injury cases, the evidence and witnesses are heavily linked to the place where the injury occurred.") (*citing Volkswagen I*).

While this action is in its early stages, that factor is not determinative as urged by Defendants, and this Court considers circumstances specific to this case. According to Plaintiff, on January 29, immediately after the parties Rule 26(f) conference, Plaintiff served its first set of interrogatories and document requests. Defendants served their first set of document requests on March 4 and its interrogatories on March 21. Plaintiff responded to these requests and has produced 49,714 pages to date. Plaintiff states it has also provided a privilege log, and it continues to diligently collect, review and produce documents responsive to Defendants' 116 document requests.

Not only has considerable discovery taken place to date, but the Court agrees with Plaintiff the discovery process as well as the claim construction process should continue to proceed in this case. Any discovery or claim construction work conducted in this case will not be a waste of time in the event this case is ultimately transferred to the United States District Court for the District of Oregon, as it will also be used there.

Finally, the Court finds persuasive Plaintiff's assertion that a stay will prejudice Plaintiff because there is no timetable for the Fifth Circuit's ruling. Any stay would be for an indeterminate

time period.  The Court will not grant Defendants' motion to stay but what the Court will do is refrain from ruling on Defendants' motion to transfer venue at this time pending the Fifth Circuit's *Volkswagen* opinion.  Accordingly, it is

**ORDERED** that Defendants' Motion to Stay the Present Action Pending the *En Banc* Decision of the Fifth Circuit in *In re Volkswagen* (Docket Entry # 41) is hereby **DENIED.**

**SIGNED this 22nd day of May, 2008.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE