IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MOTOROLA, INC., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | No. 5:07-cv-00171-DF-CRC |
| | § | |
| VTECH COMMUNICATIONS, INC., | § | JURY TRIAL DEMANDED |
| VTECH TELECOMMUNICATIONS | § | |
| LTD. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' RENEWED MOTION TO TRANSFER VENUE TO THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON**

Defendants ("VTech") respectfully submit this renewed motion to transfer venue to the United States District Court for the District of Oregon pursuant to 28 U.S.C. § 1404(a).[1] Pursuant to the recent *In re Volkswagen of America, Inc.,* 2008 U.S. Lexis 21377 (5th Cir. Oct. 10, 2008) (*en banc*) decision this case should be transferred to the District of Oregon for the convenience of the parties and witnesses and in the interest of justice. As in *Volkswagen*, this case should be transferred because this district "has no connection to the parties, the witnesses, or the facts of this case" and the District of Oregon "has extensive connections to the parties, the witnesses, and the facts of this case." *Id*. at 1. The relevant private and public interest factors strongly favor transfer to the District of Oregon, including that: (1) neither the parties nor the subject of this case have any significant factual connection with this district; (2) the documents

---

[1] On January 17, 2008, VTech filed a Motion to Transfer to the District Court of Oregon. On September 5, 2008 (Doc. No. 86), this Court denied VTech's Motion to Transfer <u>without prejudice</u> expressly holding that VTech may renew its Motion to Transfer after the Fifth Circuit ruled in *Volkswagen*. Pursuant to that Order, VTech hereby renews and refiles its motion based on the controlling *en banc* decision of the 5th Circuit that issued on October 10, 2008.

and physical evidence are located in Oregon; (3) compulsory process for trial is available for numerous witnesses in Oregon; (4) the cost of attendance for witnesses is far lower in Oregon; (5) Oregon is more convenient for the numerous Oregon witnesses; and (6) Oregon has a local interest in this case. *Volkswagen*, 2008 U.S. Lexis 21377. As shown below, the public and private interest factors favor transfer (green up arrows are in favor of transfer, grey sideways arrows are neutral).

## In re Volkswagen Private & Public Interest Factors Strongly Favor Transfer

| | |
|---|---|
| ⬆ Source of Proof | ⬌ Expeditious and Inexpensive Trial of the Case |
| ⬆ Attendance for Willing Witnesses | ⬌ Court Congestion |
| ⬆ Availability of Compulsory Process | ⬌ Conflict of Laws |
| ⬆ Local Interest | |

These factors greatly outweigh Motorola's choice of forum based on the mere fact that VTech's products are available in this district.[2] *Id.* at 35-36 (similar to the facts in *Volkswagen*,

---

[2] Motorola's choice of forum is neither controlling nor determinative, especially when, as is the case here, "the events giving rise to this infringement action do not dominate in the plaintiff's or the defendant's choices of forum." *Health Discovery Corp. v. Ciphergen Biosystems, Inc.*, 2007 U.S. Dist. Lexis 2186, *9 (E.D. Tex. 2007) (granting Defendant's motion to transfer venue pursuant to §1404(a)).

**DEFENDANTS' RENEWED MOTION TO TRANSFER VENUE - Page 2**

VTech's products are available in every district, including the District of Oregon). This case should therefore be transferred to the District of Oregon.

I.     BACKGROUND

Plaintiff Motorola, Inc. ("Motorola") filed this lawsuit alleging that hundreds of VTech's cordless telephone products infringe six (6) United States Patents.  Motorola is a Delaware corporation, and has a principle place of business in Schaumburg, Illinois.  (Doc. No. 1, Complaint ¶ 2.)  To VTech's knowledge, Motorola maintains no place of business in the Eastern District of Texas having any significance to this dispute and has not identified any fact witnesses or evidence that is uniquely available in the Eastern District of Texas.  On the contrary, all of the witnesses identified by Motorola, including the inventors and prosecuting attorneys, reside outside this District, with a majority of the witnesses located in Illinois.  (Doc. No. 20, Motorola's Opp. To VTech's Motion to Transfer, p. 2; Exh. D, Motorola Initial Disclosures.)

VTech Communications is an Oregon corporation headquartered in Beaverton, Oregon, just outside of Portland.  (Exh. A, Declaration of Kenton Erwin ("Erwin Decl.") ¶ 4).  From its Oregon headquarters, VTech Communications has primary responsibility for sales, sales support, distribution and marketing of VTech's cordless telephone products in the United States, which are the subject matter of this lawsuit.  (Erwin Decl. ¶ 5.) VTech's facilities in Oregon are one of the primary locations of documents relevant to this case.  (Exh. B. VTech Initial Disclosures at 5.)

Numerous VTech witnesses are located in the District of Oregon, including:

Nick Delany
President
VTech Communications, Inc.
9590 SW Gemini Drive
Beaverton, OR  97008
503-596-1200

**DEFENDANTS' RENEWED MOTION TO TRANSFER VENUE - Page 3**

Subjects:  Information relating to VTech's business structure and operations.

Gerrit Schouten
Vice President, Finance
VTech Communications, Inc.
9590 SW Gemini Drive
Beaverton, OR  97008
503-596-1200

Subjects:  information relating to VTech's finances.

Matt Ramage
Senior Vice President, Marketing and Product Management
VTech Communications, Inc.
9590 SW Gemini Drive
Beaverton, OR  97008
503-596-1200

Subjects:  Product marketing and management.

Sharon Cairns
VTech Communications, Inc.
9590 SW Gemini Drive
Beaverton, OR  97008
503-596-1200

Subjects:  Human factors, features and feature flow for telephony products.

Karlene Anderson
VTech Communications, Inc.
9590 SW Gemini Drive
Beaverton, OR  97008
503-596-1200

Subjects:  Sales related information for telephony products.

Tom Bacon
Vice President, Marketing
VTech Communications, Inc.
9590 SW Gemini Drive
Beaverton, OR  97008
503-596-1200

Subjects:  Product advertising and marketing.

(Exh. B, VTech Initial Disclosures at 2-4.)  Many of these witnesses will likely be called as witnesses at trial and are within the trial subpoena power of the District Court of Oregon.  (Exh. B at 2-4.)

The other Defendant, VTech Telecommunications, is a foreign corporation headquartered in Hong Kong.  (Erwin Decl. ¶ 9).  VTech Telecommunications manufactures cordless telephone products and ships them to locations worldwide.  (Erwin Decl. ¶ 10).  The accused products are manufactured in Asia, and primarily imported into the United States through points of entry on the west coast.  (Erwin Decl. ¶ 10).  VTech Telecommunications has no operations or employees in the United States.  (Erwin Decl. ¶ 9).

VTech Telecommunications is related to another entity, called VTech Engineering Canada Ltd. ("VTech Engineering"), which is located in Richmond, British Columbia, Canada near the Vancouver International Airport.  (Erwin Decl. ¶ 11).  VTech Engineering is a research and development facility responsible for the design and engineering of VTech's cordless telephone products.  (Erwin Decl. ¶ 11).  VTech Engineering is approximately one hour fifteen minutes from Portland, Oregon by plane.  Oregon is a central hub for the different VTech entities and employees.  In fact, Motorola reqested that VTech bring its Asian and Canadian employees to Oregon "to achieve economy and efficiency for both parties."  (Exh. C, Joint Case Management Plan at 3-4.)

VTech does not have any offices or employees located in the Eastern District of Texas.  (Erwin Decl. ¶13.)  While VTech's products are sold throughout the United States, sales in this district constitute approximately one percent or less of VTech's U.S. cordless telephone sales.  (Erwin Decl. ¶ 14.)  Based on VTech's 2007 sales records, none of VTech's top twenty U.S. customers has a principal place of business in the Eastern District of Texas.  (Erwin Decl. ¶ 14.)

## II. THE COURT SHOULD TRANSFER THIS CASE TO THE DISTRICT OF OREGON

Under 28 U.S.C. §1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division in which it may have been brought."[3] The purpose of § 1404(a) is to "protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Duson v. Barrack,* 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge,* 364 U.S. 19, 26-27 (1960)). "[T]he burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a forum non conveniens dismissal." *Volkswagen.,* 2008 U.S. Lexis 21377, *23. "In order to obtain a new federal [venue], the statute requires only that the transfer by'[f]or the convenience of the parties, in the interest of justice.'" *Id.* at 23-24 (quoting *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1247 (5th Cir. 1993)).

The Court should consider several private and public interest factors in determining if transfer is appropriate.[4] Private interest factors that may be considered in deciding whether a lawsuit should be transferred include: "(1) the relative ease of access to sources of proof; (2) availability of a compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen,* 2008 U.S. App. Lexis 21377, *27. Public interest factors that may be considered include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the

---

[3] The decision to transfer is within the broad discretion of the court, although "this discretion has limitations imposed by the text of § 1404(a) and by the precedents of the Supreme Court and of this Court that interpret and apply the text of § 1404(a)." *In re Volkswagen*, 2008 U.S. Lexis 21377,*15.

[4] The preliminary question under section 1404(a) is whether a civil action might have been brought in the District of Oregon. *In re Volkswagen*, 2008 U.S. Lexis 21377,*18. Motorola does not dispute that venue is proper in the District of Oregon. (*See* Doc. No. 20, Motorola Opp. at 4.)

familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law". *Id.* at 27-28.

### A. The Relevant Private Interest Factors Strongly Favor Transfer Of This Lawsuit To The District of Oregon.

#### 1. The Source Of Proof Favors Transfer

VTech's documents and physical evidence relating to this case are located either in Oregon or overseas. (Exh. A, Erwin Decl. para. 4; Exh. B, VTech Initial Disclosures at 5.) Motorola admits that no documents or physical evidence relating to this case are located in the Eastern District of Texas. (Doc. No. 20, Motorola Opp.; Exh. D, Motorola Initial Disclosures.) This factor therefore weighs in favor of transfer. Motorola previously asserted that this factor is not important. (Doc. No. 20, Motorola Opp. at 11.) The 5th Circuit specifically rejected this argument, however, finding that "recent developments [in electronic storage] does not render this factor superfluous" and "the district court erred in applying this factor because it does weigh in favor of transfer." *Volkswagen*, 2008 U.S. Lexis 21377, *30-31; *Health Discovery*, 2007 U.S. Dist. Lexis 2186, *12-13.

#### 2. Attendance For Willing Witnesses Favors Transfer

Numerous VTech potential witnesses are located in the District of Oregon. (Exh. B, VTech Initial Disclosures at 2-4.) For example, VTech's U.S. financial, sales and marketing employees, who may testify concerning such critical issues as sales of accused products, profit margins, product distribution, customer relations, customer demand, and other issues, are based in VTech's Oregon headquarters. (Erwin Decl. ¶ 5.) VTech Communications' executive team is also located in Oregon. (Erwin Decl. ¶ 4.) Employees of VTech's in-house legal department, which engaged in pre-litigation licensing discussions with Motorola, are located in Oregon. (Erwin Decl. ¶ 7.) Employees within VTech's Human Factors Lab, which is responsible for

research and development of user interface characteristics for VTech's cordless telephone products, are located in Oregon. (Erwin Decl. ¶ 6.) Therefore, unlike this district, numerous witnesses are located in the District of Oregon. The cost of attendance for all of these witnesses is dramatically higher in this district than the District of Oregon.

The cost of attendance for VTech's other witnesses related to research and development of the accused products in Vancouver, Canada will also be higher in this district than the District of Oregon. (Erwin Decl. ¶ 11.) The convenience of all of VTech Telecommunications' witnesses is also greatly increased by transferring this case to Portland. VTech Telecommunications is located in Hong Kong, and none of its employees reside in the United States. (Erwin Decl. ¶ 9.) The District of Oregon is substantially more convenient for all of these witnesses.

Generally, in a venue transfer analysis, the most important factor considered is whether "key fact witnesses" will be substantially inconvenienced if the court should deny transfer. *See Mohamed v. Mazda Corp.,* 90 F. Supp. 2d 757, 774 (E.D. Tex. 2000). As shown above, there are numerous relevant witnesses located either within the District of Oregon, or in locations that are substantially closer to Oregon than Texarkana. *In re Volkswagen*, 2008 U.S. App. Lexis 21377, *33 ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.").

On the other hand Motorola cannot show that the District of Oregon would be inconvenient to them. To the contrary, none of Motorola's witnesses are located in this district.[5]

---

[5] Motorola's principal place of business, its world headquarters, and the bulk of its paging and cellular telecommunications businesses (from which the patents-in-suit originated), all appear to be located in the suburbs of Chicago, Illinois. (*See, e.g.,* Doc. No. 1, Compl. ¶ 2.) Further, the majority of

(Exh. D, Motorola Initial Disclosures.) This factor therefore strongly favors transfer. *In re Volkswagen*, 2008 U.S. App. Lexis 21377, *33 ("The district court disregarded our precedent relating to the 100-mile rule. As to the witnesses identified by Volkswagen, it is apparent that it would be more convenient for them if this case is tried in the Dallas Division, as the Marshall Division is 155 miles from Dallas."); *Health Discovery*, 2007 U.S. Dist. Lexis 2186, *10; *Logan v. Hormel Foods Corp.*, 2004 U.S. Dist. Lexis 30327, *10-11 (E.D. Tex. 2004) (granting defendant's motion to transfer because trial in the Eastern District of Texas would require overnight accommodations).

### 3. The Availability Of Compulsory Process Favors Transfer

As set forth above, numerous VTech witnesses are located in the District of Oregon.[6] The District of Oregon therefore enjoys absolute subpoena power for both depositions and trial. This factor therefore favors transfer. *In re Volkswagen*, 2008 U.S. Lexis 21377, *31 (finding that a proper venue with trial subpoena power weighs in favor of transfer).

## B. The Public Interest Factors Also Favor Transfer

### 1. The Local Interest Factor Favors Transfer

The District of Oregon has a strong local interest in this case. As set forth above, numerous VTech's witnesses, documents and other evidence are all located in the District of Oregon. On the other hand, no parties, witnesses or evidence is located in this district. This factor therefore favors transfer. *In re Volkswagen*, 2008 U.S. App. Lexis 21377, *34-35.

Motorola previously asserted that this district has an interest in this case because the accused products are sold in this district. (Doc. No. 20, Motorola Opp. at 6-7.) First, this is true

---

the inventors named on the patents-in-suit are from the suburban Chicago area with no apparent ties to the Eastern District of Texas. (Doc. No. 1, Compl. Ex. A-E.)

[6] Neither Motorola nor VTech have identified any non-party witnesses located in this district or the District of Oregon.

**DEFENDANTS' RENEWED MOTION TO TRANSFER VENUE - Page 9**

of any district, including the District of Oregon. Second, the 5th Circuit rejected a similar argument in *In re Volkswagen*,

> Furthermore, the district court's provided rationale--that the citizens of Marshall have an interest in this product liability case because the product is available in Marshall, and that for this reason jury duty would be no burden--stretches logic in a manner that eviscerates the public interest that this factor attempts to capture. The district court's provided rationale could apply virtually to any judicial district or division in the United States; it leaves no room for consideration of those actually affected--directly and indirectly--by the controversies and events giving rise to a case. That the residents of the Marshall Division "would be interested to know" whether a defective product is available does not imply that they have an interest--that is, a stake--in the resolution of this controversy. Indeed, they do not, as they are not in any relevant way connected to the events that gave rise to this suit. In contrast, the residents of the Dallas Division have extensive connections with the events that gave rise to this suit. Thus, the district court erred in applying this factor as it also weighs in favor of transfer.

*In re Volkswagen*, 2008 U.S. App. Lexis 21377, * 35-36 (emphasis added). Whatever can be said about the existence of accused products in the stream of commerce in the Eastern District of Texas can be equally said for the District of Oregon, and any other district.

### 2. There Are No Administrative Difficulties In The District of Oregon

Another pertinent public interest factor is the relative congestion between the districts. Both the Eastern District of Texas and the District of Oregon have similar caseloads. (See Doc. No. 13, Exhibit E.) Consideration of court congestion is therefore relatively neutral.

### 3. Other Public Interest Factors are Irrelevant

Remaining public interest factors, such as the familiarity of the forum with the law that will govern the case, and avoidance of unnecessary problems with conflict of laws or application of foreign law, are irrelevant to the present case.

## III. CONCLUSION

With the Eastern District of Texas having little, if any, connection with the present civil action, transfer of this case to the District of Oregon would greatly reduce the burden on the

parties and witnesses, promote judicial economy and efficiency, and best serve the interests of justice. VTech has met its burden of showing good cause for the requested transfer because VTech has "demonstrate[d] that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *In re Volkswagen*, 2008 U.S. Lexis 21377 (finding that the district court erred by requiring movant to show factors that substantially outweigh plaintiffs claim of venue and gave inordinate weight to plaintiff's claim of venue). Accordingly, VTech respectfully moves this court for an order transferring this civil action to the U.S. District Court for the District of Oregon, pursuant to 28 U.S.C. §1404(a).

Respectfully submitted,

/s/ James N. Haltom
James N. Haltom
Texas Bar No. 08809050
Darby V. Doan
Texas Bar No. 00793622
Morgan D. Vaughan
Texas Bar No. 24060769
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, Texas 75503
(903) 255-1000 telephone
(903) 255-0800 facsimile

Attorneys for Defendants-Counterclaimants
VTECH COMMUNICATIONS INC. and
VTECH TELECOMMUNICATIONS, LTD

## CERTIFICATE OF CONFERENCE

Counsel for VTech has conferred with counsel for Plaintiff in a good faith attempt to resolve this matter without court intervention; however, Plaintiff is opposed to this motion.

/s/ James N. Haltom
James N. Haltom

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(s)(3). All other counsel of record will be served by certified mail, return receipt requested, this 29th day of October, 2008.

/s/ James N. Haltom
James N. Haltom